UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JENNIFER WIEHOFF,** *et al.***,**
    **Plaintiffs,**

v.

    Case No. 2:23-cv-2159
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**SIMCHA B. BENDET,** *et al.,*
    **Defendants.**

## ORDER

This matter is before the Court on Defendants Simcha B. Bendet, Adroit Children, LLC, Adroit Children OH, LLC, and The Perfect Child MSO, LLC's Motion to Strike Notice of Supplemental Evidence and Affidavit of Cheyenne MacLean (ECF No. 53) and Plaintiffs Jennifer Wiehoff, Kyle Wiehoff, and Academic and Behavioral Learning Enrichment, Ltd.'s Motions for Extension of Discovery Deadline and for Court Approval of Filing of Physical Evidence (ECF No. 56). For the reasons stated below, Defendants' Motion to Strike Notice of Supplemental Evidence and Affidavit of Cheyenne MacLean is **DENIED** (ECF No. 53) and Plaintiffs' Motions for Extension of Discovery Deadline and Court Approval of Filing of Physical Evidence are **GRANTED** (ECF No. 56).

Plaintiffs brought this lawsuit alleging thirteen claims against Defendants that arise out of a failed sale of a business. (ECF No. 2.) Currently in dispute is the authentication of a set of Zoom meeting recordings that Plaintiffs assert support their slander, slander per se, and false light claims. (ECF No. 56, PageID 967.) Plaintiffs did not attend the Zoom meeting so they cannot authenticate the recordings. (*See id.*) Instead, the individual who provided the recordings was going to authenticate them. (*Id.* PageID 971). But Plaintiffs discovered in June 2025 that the witness did not attend the meeting and therefore could not authenticate the recordings. (*Id.*) Plaintiffs then contacted four other individuals and ultimately found Chayenne MacLean, who was present at the

meeting and can authenticate the recordings, in July 2025. (*Id.*)

The discovery deadline in this case was March 31, 2025. (ECF No. 25.) Four months after the deadline, on July 31, 2025, Plaintiffs' counsel informed Defendants' counsel via email that they intended to take Ms. MacLean's deposition. (ECF No. 56, PageID 1005.) Defendants opposed the deposition because the discovery deadline had passed and moved to quash the deposition subpoena. (ECF No. 47.) Plaintiffs canceled the deposition to allow Ms. MacLean to obtain counsel and offered her the option of an affidavit instead of a deposition. (ECF No. 56, PageID 974.)

On August 25, 2025, Plaintiffs filed Ms. MacLean's affidavit (ECF No. 51) and a Notice of Supplemental Evidence (ECF No. 52). Defendants moved to strike both. (ECF No. 53.) A few weeks later, Plaintiffs moved to extend the discovery deadline and for leave to file the recordings with the Court. (ECF No. 56.) Defendants responded opposing both motions (ECF No. 58) and Plaintiffs filed a reply (ECF No. 59).

Plaintiffs want to reopen discovery for the limited purpose of (1) submitting the recordings to the Court and (2) allowing Defendants to depose Ms. MacLean, if they choose to do so. (ECF No. 56.) Defendants contend in response that Plaintiffs did not act diligently to find a witness before the discovery deadline and that Plaintiffs should have moved to extend discovery earlier. (ECF No. 58, PageID 1043–44.)

Whether to allow additional discovery after the discovery deadline has passed lies in the trial court's discretion. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(a)(4). "The overarching inquiry" in the good-cause analysis is "whether the moving party was diligent in pursuing discovery." *Dowling*, 593 F.3d at 478; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Prejudice to the opposing party is also an important consideration. *Inge*, 281 F.3d at 625.

The Court finds good cause to reopen discovery for the limited purpose requested by Plaintiffs. The recordings are key evidence related to Plaintiffs' slander, slander per se, and false light claims. Both parties have acknowledged and addressed the recordings in their briefs on summary judgment. (*See* ECF Nos 30-1, 35, 38.) Additionally, the Plaintiffs were diligent in their attempt to find someone to authenticate the recordings. After the original witness fell through, they quickly contacted multiple people to find someone that attended the meeting. Lastly, prejudice to Defendants is minimal because they know the recordings exist, have addressed the recordings in their briefs on summary judgment to the Court, and will have an opportunity to depose Ms. MacLean if they choose to do so.

Accordingly, the Court **GRANTS** Plaintiff's Motions for Extension of Discovery Deadline and Court Approval of Filing of Physical Evidence (ECF No. 56). Plaintiffs are **DIRECTED** to provide a flash drive containing the recordings to the Court's Office of the Clerk within five days of the date of this Order. The Court **ORDERS** that discovery be reopened for thirty days from the date of this Order to allow Defendants to depose Ms. MacLean.

For the same reasons, the Court will consider Ms. MacLean's Affidavit (ECF No. 51) and Notice to the Court of Supplemental Evidence (ECF No. 52). Accordingly, the Court **DENIES** Defendants' Motion to Strike Notice of Supplemental Evidence and Affidavit of Cheyenne MacLean (ECF No. 53).

This case remains open.

**IT IS SO ORDERED.**

**11/10/2025**                                 s/Edmund A. Sargus, Jr.
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**